**Wayne BOICH, d/b/a W.B. Coal Company, Petitioner,**

v.

**FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION, and Richard W. Neal, Jr., Respondents,**

and

**Raymond J. Donovan, Secretary of Labor, Intervenor.**

No. 81–3186.

United States Court of Appeals, Sixth Circuit.

Argued May 27, 1982.

Decided Oct. 14, 1983.

R. Henry Moore argued, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty, Pittsburg, Pa., for petitioner.

Dennis D. Clark, James A. Lastowka, Federal Mine Safety and Health Review Com'n, Washington, D.C., Thomas A. Mascolino, U.S. Dept. of Labor, Arlington, Va., Morton Hollander, Chief, U.S. Dept. of Justice, Appellate Section, Civ. Div., Washington, D.C., for respondent Federal Mine Safety and Health Review Com'n.

Ann S. Rosenthal, Michael A. McCord, U.S. Dept. of Labor, Arlington, Va., for intervenor on behalf of respondent.

Stanley G. Burech, argued, St. Clairsville, Ohio, for respondent Neal.

Before ENGEL and CONTIE, Circuit Judges, and TAYLOR, District Judge.*

ENGEL, Circuit Judge.

In our earlier decision in these proceedings, *Boich v. Federal Mine Safety & Health Review Commission,* 704 F.2d 275 (6th Cir.1983), decided April 5, 1983, we applied to proceedings before the Federal Mine Safety and Health Commission the rationale of the First, Second, and Third Circuits' rejection in part of the so-called "Wright Line" test adopted by the National Labor Relations Board in *Wright Line, a Division of Wright Line, Inc.,* 251 N.L.R.B. 1083 (1980), *enforced,* 662 F.2d 899 (1st Cir. 1981), *cert. denied,* 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982). In that decision, the National Labor Relations Board held that in mixed motive cases, the General Counsel had the burden of persuading the Board that anti-union animus contributed to an employer's decision to discharge an employee. Once this burden was satisfied, the employer could avoid a finding that it violated the National Labor Relations Act ("NLRA") only by demonstrating by a preponderance of the evidence that the worker would have been fired even if he had not been involved in the protected conduct. This test was derived from the standard set out in *Mount Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50

L.Ed.2d 471 (1977) for mixed motive cases involving constitutionally protected speech.

As indicated in our earlier reported decision, the Administrative Law Judge and the Federal Mine Safety and Health Review Commission had applied the *Wright Line* approach to these proceedings under the Mine Act, consistent with the Commission's prior ruling in *Secretary of Labor ex rel. Pasula v. Consolidation Coal Co.,* 2 FMSHRC 2786 (Rev.Comm.1980). The issue, therefore, was whether our circuit would approve the *Pasula* test or whether it would reject the test, just as the First, Second, and Third Circuits had rejected the *Wright Line* test. *NLRB v. Wright Line,* 662 F.2d 899 (1st Cir.1981), *cert. denied,* 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982); *NLRB v. New York University Medical Center,* 702 F.2d 284 (2d Cir.1983), *petition for cert. granted,* —— U.S. ——, 104 S.Ct. 53, 78 L.Ed.2d 73 (1983); *Behring International, Inc. v. NLRB,* 675 F.2d 83 (3rd Cir.1982) *vacated,* —— U.S. ——, 103 S.Ct. 3104, 77 L.Ed.2d 1359 (1983).

We essentially agreed in our earlier decision with the rationale of those three circuits. In so doing, we recognized that while their cases dealt with the impact of section 10(c) of the NLRA and section 7(c) of the Administrative Procedures Act, there appeared to be no fundamental reason for not applying the rule with equal force to the Mine Act, at least with respect to the burden of proof. We did not however deny enforcement altogether on this account:

> We do not suggest that Neal necessarily was discharged for unprotected reasons. There is evidence on the record which could support a finding that Neal's discharge was based, at least in part, upon his protected activity. However, it is unclear whether the ALJ would have come to a different conclusion regarding W.B. Coal's proffered reasons had he applied the proper standard, and the evidence offered may create an issue of fact. . . .

* Honorable Robert L. Taylor, United States District Judge for the Eastern District of Tennes- see, sitting by designation.

704 F.2d at 286. Instead, we remanded for a reevaluation of the evidence under "the proper standard," the one applied by the First, Second, and Third Circuits in the NLRA cases and derived not from *Mt. Healthy*, but from *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

The Secretary and Neal, after obtaining a stay of the mandate in these proceedings, petitioned our court for a reconsideration and rehearing of our earlier decision, calling our attention to the Supreme Court's decision in *NLRB v. Transportation Management Corp.*, —— U.S. ——, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983). Thereafter we called for and have received further briefing from the parties.

Upon consideration, we are fully satisfied that *Transportation Management* controls and that we are therefore obliged to hold that the ALJ's and the Federal Mine Safety and Health Commission's reliance upon the *Pasula* test was consistent with the requirements of the Coal Act and must be respected here.

The Coal Company has recognized that the Supreme Court found the Board's interpretation was consistent with the NLRA and that the NLRA itself is to a great extent analogous to the Coal Act. However, it argues that the *Pasula* test is not consistent with the Coal Act, since that Act requires that discrimination occur "because" of protected activity, while sections 8(a)(1) and (3) of the NLRA do not contain such language. We do not find this argument persuasive in light of our own earlier findings on the evidence and our understanding of the breadth of the Supreme Court's ruling. Likewise, W.B. Coal also urges that we reconsider our earlier findings with respect to the evidence, and in support thereof cites the Commission's decision in *Secretary of Labor ex rel. Chacon v. Phelps Dodge Corp.*, 3 FMSHRC 2508 (Rev. Comm.1981), *rev'd on other grounds sub nom., Donovan ex rel. Chacon v. Phelps Dodge Corp.*, 709 F.2d 86 (D.C.Cir.1983). Suffice it to say that we find nothing in *Chacon* to persuade us that the Mine Safety Commission has changed its position with respect to the legal issues involved here or that the facts in *Chacon* bind us by way of analogy.

Nothing in the Supreme Court's decision in *Transportation Management* affects our ruling in Part III of the earlier opinion that the ALJ committed no error in refusing to deduct unemployment compensation from the back pay award.

Accordingly, the earlier decision of this court reflected by its opinion reported at 704 F.2d 275 (6th Cir.1983), is VACATED AND SET ASIDE in all respects except Part III thereof relating to the back pay award. The petition of the Coal Company for review is DENIED, and the cross-petition for enforcement filed by respondents and intervenor is GRANTED.